MOSES W. QUIGLEY, plaintiff in error, v. THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Cook.*

In an indictment against a defendant, for having in his possession counterfeit bank notes, purporting to be notes of the Merchants' Bank of the city of New York, with intent to utter and pass the same as genuine, it is not necessary to charge that the offence was committed feloniously, infamously, or criminally. If the offence is charged in the words of the statute, it is sufficient.

It is no objection to an indictment in such a case, that it does not allege that there is such a corporation as the Merchants' Bank.

An indictment for having in possession a forged bank bill, with intent to utter and pass the same, set out the bill in *hæc verba*, but, in copying the bill, the letter " C " was omitted. The bill introduced in evidence, was lettered " C," in the usual place for marking bank bills with letters : *Held*, that there was no variance. *Held*, also, that a note payable to " B. Aymar, or bearer," was properly admitted in evidence, where the description in *hæc verba* was " B. Aymar, bearer."

*Semble,* That there is no difference between bank bills and bank notes.

THE plaintiff in error was indicted at the March term, 1838, of the Cook Circuit Court, for having in his possession certain forged bank bills, purporting to be on the Merchants' Bank of the city of New York, with intent to utter the same, and defraud the said Bank. He moved to quash the indictment, because,

1st. The indictment did not charge that the offence was committed feloniously, infamously, or criminally.

2d. It does not allege that there was any such bank as the Merchants' Bank of the city of New York.

3d. The allegation in the indictment is, that bank bills were forged ; when, in fact, the instruments set forth are promissory notes.

The motion was overruled by the Court ; and the defendant then pleaded not guilty.

Upon the trial of the cause, the plaintiffs offered in evidence to the jury, a note which was objected to by the defendant's counsel, on account of an alleged variance between the note offered, and the one set forth in the indictment, in this, the note offered in evidence, is marked with the letter " C," in the usual manner of lettering bank notes ; whereas, the note set forth in the indictment, has no such letter, and is not marked with any letter whatever. This objection was overruled by the Court, to which the defendant excepted.

The plaintiffs also offered in evidence a certain other note, which was objected to by the defendant's counsel, on account of a variance between the note offered, and the one set forth in the indictment, in this, the said note offered in evidence, is payable to " B. Aymar or bearer ; " and the one set forth in the indictment is payable to " B. Aymar, bearer ; " which said objection was

overruled by the Court ; and the said notes severally read in evidence to the jury, to which the defendant excepted.

The jury returned a verdict of guilty ; and that the defendant should be confined in the penitentiary for three years.

J. D. CATON and N. B. JUDD, for the plaintiff in error, contended that the said Court erred in overruling the said motion to quash the said indictment. R. L., Crim. Code § 164, 190, 170, 35 ; Arch. Crim. Plead. 51.

The Court erred in admitting in evidence the said notes. Russ. on Crimes 360 – 1 ; Arch. Crim. Plead. 102, 292.

The indictment ought to have averred that there was such a legal institution as " The Merchants' Bank of the city of New York," because it is alleged that the defendant below intended to defraud that institution ; and the Court will not intend that there was such a corporation. 2 Russ. on Crimes 362.

G. W. OLNEY, Attorney General, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court :

This was an indictment and conviction, under the 75th section of the *Criminal Code,* (1) for having in possession counterfeit bank notes, purporting to be notes of the Merchants' Bank of the city of New York, with intent to utter and pass the same as genuine. Several minor points have been made, which are untenable ; and the only one requiring notice is, whether it was necessary to have alleged in the indictment, that the intent was felonious. Without disputing the common law rule, which requires all offences, above misdemeanors, to be alleged to have been done feloniously, or with an intent to perpetrate a felony ; it is sufficient for the decision of the present question to state, that the 152d section of the code of criminal jurisprudence of this State, has, under the 15th division, and head of " Construction of the act, and duty of Courts," declared, that " Every indictment or accusation of the grand jury, shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this code, or so plainly that the nature of the offence may be easily understood." (2)

The technical terms used at common law, seem to be dispensed with by this provision, and we have no doubt that the indictment which alleges a *scienter,* is sufficient without the allegation that the intent was a felonious one.

The judgment is affirmed.

*Judgment affirmed.*

(1) R. L. 186; Gale's Stat. 211.      (2) R. L. 207; Gale's Stat. 228.